# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the United States Department of Interior, *et al.*,<br><br>Defendants. | CASE NO. 9:20-cv-00038-DLC<br><br>STIPULATED SETTLEMENT AGREEMENT |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Center for Biological Diversity; Conservation Northwest; Defenders of Wildlife; Friends of the Clearwater; Greater Yellowstone Coalition; Idaho Conservation League; Jackson Hole Conservation Alliance; Klamath-Siskiyou Wildlands Center; and Rocky Mountain Wild (collectively, "Plaintiffs") and Defendants David Bernhardt, in his official capacity as Secretary of the United States Department of the Interior; Aurelia Skipwith, in her official capacity as Director, United States Fish and Wildlife Service ("Service"); and the Service (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on March 18, 2020, Plaintiffs filed a complaint against Defendants in the above-captioned action to compel Defendants to complete a final Endangered Species Act listing determination on the wolverine distinct population segment occupying the lower-48 United States by a date certain, *see* Docket 1 ("Complaint");

WHEREAS, Plaintiffs and Defendants (collectively, "the parties"), by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint; and

WHEREAS, the parties agree that settlement of this action in this matter is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before August 31, 2020, Defendants shall submit to the Federal Register a final listing determination pursuant to 16 U.S.C. § 1533(b)(6)(A) on whether to list a distinct population segment of the wolverine in the lower-48 United States;

2. The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written

motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (either telephonically, by video conference, or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

3. In the event that Defendants fail to meet the deadline specified in paragraph 1 and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4. This Agreement requires only that Defendants take the action specified in paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation,

STIPULATED SETTLEMENT AGREEMENT

3

either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination required herein.  The parties agree that Plaintiffs do not waive their right or ability to challenge any procedural or substantive actions or decisions undertaken by Defendants pursuant to paragraph 1.  To challenge any final determination issued in accordance with this Agreement, Plaintiffs will be required to file a separate action, and Defendants reserve the right to raise any applicable claims or defenses in response thereto.

5.  The obligations imposed on Defendants under this Agreement can only be undertaken using appropriated funds.  No provision of this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that the United States is obligated to pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other provisions of law.

6.  No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting.  No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making determinations regarding the listing of or designation of critical habitat for any species.

7. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, the parties do not waive or relinquish any legal rights, claims, or defenses they may have, including Plaintiffs' right to seek a recovery of attorney fees and costs in connection with any proceedings to enforce this Agreement and Defendants' defenses to any such request. This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

8. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims disputed by the parties. This Agreement contains all of the terms of agreement between the parties concerning Plaintiffs' Complaint, and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

9. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by

and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

10. The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement. The effective date of this Agreement shall be the date the Court enters the order.

11. Upon approval of this Agreement by the Court, all counts of Plaintiffs' complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

DATED: July 2, 2020                     Respectfully submitted,

*/s/ Timothy J. Preso*
(per email authorization on 7-2-20)
Amanda D. Galvan
Timothy J. Preso
Earthjustice
313 East Main Street
Bozeman, MT 59715
(406) 586-9699
Fax: (406) 586-9695
tpreso@earthjustice.org
amaxwell@earthjustice.org

*Attorneys for Plaintiffs*

6

STIPULATED SETTLEMENT AGREEMENT

        JEAN E. WILLIAMS,
        Deputy Assistant Attorney General
        SETH M. BARSKY, Chief

        */s/ Meredith L. Flax*
        MEREDITH L. FLAX, Assistant Chief
        D.C. Bar No. 468016
        United States Department of Justice
        Environment & Natural Resources Division
        Wildlife and Marine Resources Section
        Ben Franklin Station. P.O. Box 7611
        Washington, D.C. 20044-7611
        (202) 305-0404
        Fax: (202) 305-0275
        meredith.flax@usdoj.gov

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on July 2, 2020, the foregoing will be electronically filed with the Court's electronic filing ("ECF") system, which will generate automatic service upon on all counsel of record enrolled to receive such notice.

                                            */s/ Meredith L. Flax*
                                            MEREDITH L. FLAX